UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

ANI MARCHEVA,

Plaintiff

v.

ILLINOIS DEPARTMENT OF
TRANSPORTATION,

Defendant

Case No. 2:26-cv-01434-JAD-EJY

**ORDER ADOPTING
REPORT AND RECOMMENDATION
AND DISMISSING CASE**

ECF Nos. 2, 6

**On 5/27/26, the magistrate judge entered this report and recommendation [ECF No. 6]:**

Pending before the Court are Plaintiff's Application to Proceed *in forma pauperis* ("IFP") and Civil Rights Complaint. ECF Nos. 2, 2-1. The Court recommends dismissal of Plaintiff's Complaint (ECF No. 2-1) because the Court lacks personal jurisdiction over the only named Defendant in this action. The Court also recommends Plaintiff's IFP application be dismissed because this case cannot proceed in Nevada.[1]

Plaintiff describes a series of events that appear to be premised on her 2023 unsuccessful employment or attempt to obtain employment with the Ohio Highway Patrol. ECF No. 2-1 at 6. Plaintiff claims she failed a test and a Black individual who also failed a test seven times was not suspended. *Id*. Plaintiff alleges an attempt to obtain reinstatement, that she filed a lost wage claim, and saw no "premium paid" to her based on a life insurance plan she may have purchased. *Id*. at 6-7. There were apparently divorce proceedings and subsequent financial dependency on her family. *Id*. at 7. Plaintiff makes various references to the Illinois Department of Central Management Services that are untethered to any other allegation in the Complaint. *Id*. Plaintiff says she either wants or is trying to proceed before the Equal Employment Opportunity Commission in Nevada because of deception and extortion. *Id*. Plaintiff identifies no cause in her Complaint, and no cause of action is decipherable. ECF No. 2-1. Further, even assuming Plaintiff could amend her Complaint to state a coherent claim on which she might be able to proceed, all events described in the Complaint

---

[1]    The Court does not discuss the screening standard because it recommends dismissal of Plaintiff's action based on a lack of personal jurisdiction over the Defendant; thus, her IFP application was not granted.

occurred outside the State of Nevada.  *Id*.  Said simply, Plaintiff identifies no facts regarding any alleged event or wrongdoing she supposedly suffered that occurred in or related to the State of Nevada.  No individual or agency to which Plaintiff refers is located in Nevada.  *Id*.  Plaintiff is not located in Nevada.  *Id*.

Federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute.  *See Rasul v. Bush*, 542 U.S. 466, 489 (2004).  "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears."  *Stock West, Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989).  "The party asserting federal jurisdiction bears the burden of proving that the case is properly in federal court."  *McCauley v. Ford Motor Co*., 264 F.3d 952, 957 (9th Cir. 2001) (citing *McNutt v. General Motors Acceptance Corp*., 298 U.S. 178, 189 (1936)).

When a relevant federal statute does not provide for personal jurisdiction, a "district court applies the law of the state in which the court sits."  *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011) (internal citation omitted).  Nevada's long arm statute (NRS 14.065) allows for personal jurisdiction on any basis not inconsistent with the U.S. or the Nevada Constitutions and, therefore, the personal jurisdiction analysis under Nevada law and federal due process are the same.  *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800-01 (9th Cir. 2004).  For an exercise of personal jurisdiction to comport with federal due process, the non-resident defendant must have certain "minimum contacts" with Nevada such that an exercise of jurisdiction "does not offend traditional notions of fair play and substantial justice."  *Id*. (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

Personal jurisdiction may be general or specific.  *Picot v. Weston*, 780 F.3d 1206, 1211 (9th Cir. 2015) (citing *Boschetto v. Hansing*, 539 F.3d 1011, 1016 (9th Cir. 2008)).  General personal jurisdiction exists where a defendant has contacts that "are so constant and pervasive as to render it essentially at home" in the forum state.  *Martinez r. Aero Caribbean*, 764 F.3d 1062, 1066 (9th Cir. 2014) (quoting *Daimler AG v. Bauman*, 571 U.S. 117, 122 (2014)).  Plaintiff pleads no facts supporting a finding that the Illinois Department of Transportation has constant and pervasive contacts with Nevada.

Specific jurisdiction requires a defendant to have taken "some act by which [it] purposefully avails itself of the privilege of conducting activities within the forum State." *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 592 U.S. 351, 359 (2021) (citation omitted) (backets in original). The contacts "must be the defendant's own choice and ... must show that the defendant deliberately reached out beyond its home." *Id.* at 1025 (citations omitted).  The Ninth Circuit employs a three-prong test to assess whether a defendant has sufficient minimum contacts with the forum state to be subject to specific personal jurisdiction:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e., it must be reasonable.

*Picot*, 780 F.3d at 1211 (citing *Schwarzenegger*, 374 F.3d at 802) (internal citations omitted).  It is Plaintiff's burden to show the first two prongs and Defendant's burden to show the third. *CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1076 (9th Cir. 2011).  Here, again, Plaintiff pleads no facts demonstrating that Defendant or the Ohio Highway Patrol engaged in a single act in Nevada directed to Plaintiff or the State of Nevada.  ECF No. 2-1.  Her largely indecipherable claims appear to have something to do with a job she sought and may have at one time had with Ohio Highway Patrol (*id*. at 6); however, Plaintiff pleads nothing demonstrating how, if at all, the District Court in Nevada would have personal jurisdiction over an entity in Ohio, let alone the Illinois Department of Transportation.  Plaintiff fails to meet her burden under the first two prongs of the Ninth Circuit minimum contacts test.  Thus, the Court finds it lacks personal jurisdiction over the Defendant and Plaintiff's Complaint cannot proceed in the United States District Court for the District of Nevada.

Accordingly, IT IS HEREBY RECOMMENDED that Plaintiff's Application to Proceed *in forma pauperis* (ECF No. 2) be DENIED without prejudice.

IT IS FURTHER RECOMMENDED that Plaintiff's Complaint be dismissed without prejudice, but without leave to file an amended complaint in the District of Nevada. If Plaintiff is able to plead a viable claim, such claim must be brought in Ohio or Illinois where the courts in those states may be able to exercise personal jurisdiction over the Defendant.

Dated this 27th day of May, 2026.

**ORDER ADOPTING REPORT AND RECOMMENDATION**

The deadline for anyone to object to this recommendation was 6/10/2026, and no party filed anything or asked to extend the deadline to do so. "[N]o review is required of a magistrate judge's report and recommendation unless objections are filed." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Having reviewed the report and recommendation, I find good cause to adopt it, and I do. IT IS THEREFORE ORDERED that the Magistrate Judge's Report and Recommendation **[ECF No. 6] is ADOPTED** in its entirety; the motion for leave to proceed in forma pauperis **[ECF No. 2] is DENIED** without prejudice; and **THIS CASE IS DISMISSED** without prejudice to the plaintiff's ability to refile it in the proper district. **The Clerk of Court is directed to CLOSE THIS CASE.**

_____
U.S. District Judge Jennifer A. Dorsey
Dated: June 15, 2026

4